# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**GREGORY K. CLINTON,**

      **Plaintiff,**

**v.**                                              **Civil Action No. 3:08cv10**
                                                      **(Judge Bailey)**

**BERKELEY COUNTY, SGT. D. OLACK,**
**CPL. B. BEAN, TROOPER ELWANGER**
**AND TROOPER CASTLE,**

      **Defendants.**

## ORDER REGARDING PRELIMINARY REVIEW AND SERVICE OF PROCESS

On January 10, 2008, the *pro se* plaintiff initiated this case by filing a civil rights action against the above-named defendants. In the complaint, the plaintiff asserts that the defendants violated his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights during an arrest and subsequent criminal proceeding in Berkeley County, West Virginia in 2007. The charges against the plaintiff were dismissed on October 29, 2007. As a result, the plaintiff seeks $5,000,000 for, *inter alia*, an alleged unlawful arrest, loss of property, excessive force violation, physical and mental injury, and loss of liberty due to a premature violation of supervised release.

Pursuant to LR PL P 83.02, et seq., the undersigned is required to conduct a preliminary review of the complaint to determine whether the plaintiff's claims are frivolous, malicious, or fail to state a claim. Having made such a review, the undersigned finds that summary dismissal of the complaint is not warranted **at this time** and that the defendants should be made to file an answer. However, the undersigned notes that the plaintiff has paid the required filing fee and has not requested permission to proceed as a pauper. Therefore, the plaintiff is not entitled to court ordered

service of process by the United States Marshal Service. Instead, the plaintiff is responsible for obtaining service of process on his own, and in doing so, should be aware of the following requirements of Rule 4(m) of the Federal Rules of Civil Procedure:

> **Summons: Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Because the plaintiff's complaint was filed on January 10, 2008, the defendants must be served on or before May 10, 2008. Accordingly, the **Clerk** is directed to issue **20 day** summonses for the named defendants. The plaintiff shall effect service of process upon those parties and timely provide the Court with certification of service by filing documents which reflect proper, completed service upon each party. The failure to provide proof of proper service for a particular party, or the failure to show good cause for the failure to effect service within the time allotted, could result in the dismissal of this case without prejudice.

IT IS SO ORDERED.

The Clerk shall mail a copy of this Order, and the issued summonses, to the *pro se* plaintiff by certified mail, return receipt requested.

DATED: February 1, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE