# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**GREGORY K. CLINTON,**

        **Plaintiff,**

v.                                                 Civil Action No. 3:08cv10
                                                           (Judge Bailey)

**BERKELEY COUNTY, SGT. OLACK,**
**CPL. B. BEAN, TROOPER ELWANGER**
**AND TROOPER CASTLE,**

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Factual and Procedural History

The *pro se* plaintiff initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 on January 10, 2008. The plaintiff paid the entire $350 filing fee on January 17, 2008, and is not proceeding as a pauper. On February 1, 2008, the Court issued a notice advising the plaintiff of his obligations under Rule 4(m) of the Federal Rules of Civil Procedure. Specifically, the plaintiff was advised that Rule 4(m) contains a 120-day time limit for service of process and that based on the date the complaint was filed, the defendants had to be served on or before May 10, 2008. The plaintiff filed what purports to be service of process in July.

On July 28, 2008, Eastern Panhandle Drug & Violent Crimes Task Force ("Task Force") Officers, Sergeant Olack ("Olack"), Corporal Bean ("Bean"), Trooper Elwanger ("Elwanger") and Trooper Castle ("Castle") filed a Motion to Dismiss /Motion for Summary Judgment. Because the plaintiff is *pro se*, the Court issued a Roseboro Notice on July 29, 2008. Although service of that

notice was accepted on August 1, 2008, the plaintiff failed to file a response to the motion.

On August 13, 2008, defendant Berkeley County filed an Answer to the plaintiff's complaint. On September 2, 2008, Berkeley County filed an Amended Answer and Motion to Dismiss/Motion for Summary Judgment. The Court issued a <u>Roseboro</u> Notice on September 4, 2008. Although service of that notice was accepted on November 5, 2008, the plaintiff has failed to file a response to the motion.

This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.01, <u>et</u> <u>seq.</u>

## II. Contentions of the Parties

**A. The Complaint**

In the complaint, the plaintiff seeks to recover damages in the amount of $5,000,000.00 for violations of his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights. More specifically, the plaintiff asserts that he was maliciously prosecuted, falsely imprisoned and brutally beaten and tasered. In addition, the plaintiff asserts that both he and his property were improperly seized, that false data was used to arrest him and that the defendants suborned perjury and concealed information helpful to his defense. Moreover, the plaintiff asserts that all of these circumstances lead him to incur unnecessary expenses and to eventually file bankruptcy.

With regard to the defendant Berkeley County, the plaintiff asserts that the county failed to properly train and supervise the members of the Eastern Panhandle Drug & Violent Crimes Task Force. The plaintiff further asserts that the charges against him were dismissed on October 29, 2007. Therefore, the plaintiff seeks damages for the permanent physical and mental injuries he has suffered and compensation for the large sums of money he had to expend due to the wanton acts of the

defendants.

B.  **Olack, Bean, Elwanger and Castle's Motion to Dismiss/Motion for Summary Judgment**

In their motion, defendants Olack, Bean, Elwanger and Castle first note that the plaintiff has attempted to mislead the court about the disposition of his criminal charges. Specifically, the defendants assert that although the plaintiff's state charges were dismissed on October 29, 2007, those charges were dismissed because the plaintiff was indicted by federal authorities for the same criminal conduct. Moreover, at the time the defendants' motion was filed, a Change of Plea Order had been issued in the District Court. Thus, the defendants assert that the plaintiff's complaint should be dismissed for the following reasons:

1. Plaintiff is precluded from contesting the validity of his arrest or prosecution pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1984);

2. Plaintiff has not properly served the defendants; and

3. Plaintiff failed to serve the defendants within 120 days of the filing of the complaint.

C.  **Defendant Berkeley County's Motion to Dismiss/Motion for Summary Judgment**

In its motion, Berkeley County also points out that the plaintiff's state charges were dismissed because the plaintiff was charged federally for the same criminal conduct. Moreover, at the time Berkeley County filed its motion, the plaintiff had pleaded guilty in federal court to the crimes he contends he did not commit in the instant case. Therefore, Berkeley County requests that the plaintiff's complaint be dismissed for the following reasons:

1. Insufficient service of process; and

2. Failure to state a claim.

Additionally, Berkeley County argues that to the extent the Task Force has been named as

a defendant,[1] the Task Force should be dismissed because it is not a person amenable to suit under § 1983.

### III. Standard of Review

**A. Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary

---

[1] In the complaint, the plaintiff names the Eastern Panhandle Drug & Violent Crimes Task Force Police Officers, then list Sgt. Olack, Cpl. Bean, Trooper Elwanger and Trooper Castle. Therefore, it appears as if the plaintiff meant only to name the officers and not the task force. However, since the complaint is not entirely clear as to this matter, and because the plaintiff is proceeding *pro se*, the Court will consider this issue when addressing Berkeley County's motion.

judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV.   Analysis

**A.   Claims Related to the Plaintiff's Arrest, Prosecution, and Conviction**

In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed

5

> on direct appeal, expunged by executive order, declared invalid by a
> state tribunal authorized to make such a determination, or called into
> question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). One reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Here, the plaintiff's claims of malicious prosecution, false imprisonment, improper seizure, false data, suborning perjury and concealing information helpful to the defense, are all related to the validity of the plaintiff's conviction. Moreover, the plaintiff's claim that his criminal proceedings lead him to incur unnecessary expenses and to eventually file bankruptcy is also contingent upon the validity of his conviction. However, the plaintiff has failed to show that his conviction and sentence have been declared invalid. As noted by the defendants, the plaintiff attempts to mislead the Court as to the disposition of his criminal proceedings. Although the plaintiff's state criminal charges were eventually dropped, those charges were dropped because the plaintiff was indicted in federal court for the same criminal activity.

In case number 3:08cr5-1, the plaintiff pleaded guilty to Count Three of a four count indictment, charging him with distribution of 9.03 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). See United States v. Clinton, 3:08cr5-1 (N.D.W.Va. Aug. 11, 2008) dckt. 46. As a result, the plaintiff was sentenced to 87 months imprisonment on August 11, 2008. Id. at dckt. 63. That case is currently on appeal. Id. at dckt. 62. Thus, to the extent that the facts which form the basis of the plaintiff's complaint, also form the basis for the plaintiff's conviction in 3:08cr5-1, and because that conviction has not been invalidated, the plaintiff is barred by Heck from seeking damages under §1983 on those grounds.

B.  **Excessive Force**

The Fourth Amendment applies to claims that police used excessive force in making an arrest. Graham v. Connor, 490 U.S. 386, 394-95 (1989); Riley v. Dorton, 115 F. 3d 1159, 1161 (4th Cir. 1997). The Fourth Amendment applies to state actors by way of the Fourteenth Amendment. See Graham, 490 U.S. at 394-397. In order to state a claim of excessive use of force, the individual must show he was seized and that the force used was objectively unreasonable. Id. at 395-96. A seizure occurs when "the officer, by means of physical force or show of authority, has in some way restrained the liberty of an individual." Terry v. Ohio, 392 U.S. 1, 19 n. 16 (1968). The Supreme Court has provided guidance in determining whether the use of force was reasonable. Specifically, three factors should be examined "(1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396. See also Park v. Shifflet, 250 F. 3d 843 (4th Cir. 2001).

In the complaint, the plaintiff asserts that defendants Olack, Bean, Elwanger and Castle brutally beat and tased him, giving him a hernia. Further, the plaintiff asserts that Berkeley County is liable because it failed to properly train or supervise the members of the defendants, members of the Eastern Panhandle Drug & Violent Crimes Task Force, operating in Berkeley County, West Virginia.

1.  Defendants Olack, Bean, Elwanger, Castle

In their motion to dismiss, the defendants assert that the failed to timely serve process upon them and that his complaint should be dismissed for that reason. Pursuant to Rule 4(c)(2) and (e), a non party may serve a defendant by delivering a copy of the summons and complaint to the

7

individual personally or by leaving a copy of the summons and complaint with a person of suitable age at the defendant's home or by providing a copy of the summons and complaint to an authorized agent or pursuant to the law of state in which the district court is located. Service by certified mail is not contemplated in Rule 4. Plaintiff's attempts to serve defendants Olack, Bean, Elwanger and Castle, either personally or by certified mail do not comply with Rule 4.

Moreover, the "executed" summonses filed by the plaintiff, show that the plaintiff did not even attempt service of process until July of 2008. As noted in the Court's Order of February 1, 2008, to timely serve the defendants under Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff had until May 10, 2008, to timely effect service. Although that time may be extended for good cause shown, the plaintiff did not request such an extension, nor did the Court grant one. Accordingly, the plaintiff failed to timely and appropriate effect service of process upon defendants Olack, Bean, Elwanger and Castle and the plaintiff's motion to dismiss is due to be granted for that reason. However, even if the plaintiff had appropriately and timely effected service of process on those defendants, the undersigned notes that the complaint should be dismissed for the failure to state a claim.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added) "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe

Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). This is particularly true in a § 1983 action where "liability is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

In the instant case, the sum and substance of the plaintiff's excessive force claim against the Task Force officers is that they brutally beat and tased him, thereby causing a hernia. However, the plaintiff makes no specific allegations against any of the named defendants. Thus, the plaintiff fails to state a claim for which relief can be granted and the complaint should be dismissed. See Weller v. Dept. of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants).

**B. Berkeley County**

In its motion to dismiss, Berkeley County also asserts that the plaintiff failed to timely and appropriately effect service of process. For §1983 purposes, a county is considered a municipal entity. Revene v. Charles County Commissioners, 882 F.2d 870, 874 (4th Cir. 1989). Service upon a municipal entity is governed by Rule 4(j)(2) of the Federal Rules of Civil Procedure. Rule 4(j)(2) requires that service upon a municipality "be effected by delivering a copy of the summons and complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state . . ."

In this case, the plaintiff attempted to serve Berkeley County by serving the Mayor of the City of Martinsburg. However, the Mayor of Martinsburg is not the chief executive officer of Berkeley County, nor is he a commissioner, clerk or prosecuting attorney of said county. See W.Va.R.Civ.P. 4(d)(1). Thus, the plaintiff has failed to timely perfect service of process on Berkeley County and the defendant's motion to dismiss should be granted.

Nonetheless, even had the plaintiff perfected service on the County, the plaintiff's claim is also due to be denied for the failure to state a claim. Like the individual task force officers, the plaintiff has failed to sufficiently state a claim of excessive force against the County under Rule 8. Additionally, it is undisputed that the Task Force officers are West Virginia State Police Officers and have no affiliation with Berkeley County other than that is the County in which the plaintiff was arrested. The County had no duty to train the police officer defendants and cannot be held liable for failing to properly train and supervise the defendants.

C. **Eastern Panhandle Drug & Violent Crimes Task Force**

To the extent that the plaintiff asserts a claim against the Task Force, it is well settled that a drug task force is not a "person" amendable to suit under § 1983. See Harvey v. Estes, 65 F.3d. 784 (9th Cir. 1995) (a multi-jurisdictional drug task force is not a person under § 1983); Jackson v. Commonwealth of Virginia, 2006 WL 1700655 (W.D.Va. 2006) (same); Timberlake v. Benton, 786 F.Supp 676 (M.D.Tenn. 1992) (same). Accordingly, the Task Force is not a proper party defendant in this case and should be dismissed.

V. **Recommendation**

For the foregoing reasons, the undersigned recommends that the defendants Motions to Dismiss/Motion for Summary Judgment (dckt. 26 & 40) be **GRANTED**, and that the complaint (dckt. 1) be **DISMISSED without prejudice** from the active docket of this Court.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable John Preston Bailey, United

States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

       IT IS SO ORDERED.

       The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

       DATED: December 12, 2008.

                            *John S. Kaull*
                            JOHN S. KAULL
                            UNITED STATES MAGISTRATE JUDGE